# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

COLLIN BAILEY,

          Appellant,

     v.

DEPARTMENT OF VETERANS
    AFFAIRS,

          Agency.

DOCKET NUMBER
AT-0714-17-0722-B-1

DATE: April 30, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tyler Sroufe</u>, Esquire, and <u>Michael Ignatius Sheeter</u>, Esquire, Dallas, Texas, for the appellant.

<u>William Robert Boulware</u> and <u>Karen Rodgers</u>, Montgomery, Alabama, for the agency.

<u>Bradley Flippin</u>, Nashville, Tennessee, for the agency.

<u>Teri Walker</u>, Decatur, Georgia, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

The appellant has filed a petition for review of the remand initial decision, which found that he did not prove his affirmative defenses of race and sex discrimination and reprisal for prior equal employment opportunity (EEO) activity. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the remand initial decision to reevaluate some of the factors for assessing witness credibility, as set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), and to supplement the administrative judge's analysis. Except as expressly MODIFIED in this regard, we AFFIRM the remand initial decision.

**BACKGROUND**

This appeal involves the appellant's removal from service in August 2017. In a prior decision, the Board reversed the removal and ordered status quo ante relief due to a procedural error on the part of the agency. However, the Board's decision also remanded the appeal for further adjudication of affirmative defenses that could lead to additional relief if proven by the appellant. *Bailey v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-17-0722-B-1,

Appeal File (RF), Tab 23, Remand Initial Decision (RID) at 1-2; *see Bailey v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-17-0722-I-1, Remand Order (Jan. 10, 2024). After further developing the record, the administrative judge concluded that the appellant did not prove any of his affirmative defenses. RID at 2-11 (discussing *Pridgen v. Office of Management and Budget*, 2022 MSPB 31).

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant asserts that the administrative judge erred in finding that he did not prove his affirmative defenses. Petition for Review (PFR) File, Tab 1 at 6-14. He also asserts that the administrative judge erred when he allowed the agency to present evidence that his race, sex, and/or EEO activity was not a motivating factor in the removal action, despite his sanctions order. *Id.* at 14-15. As detailed below, these assertions do not warrant a different outcome.

In evaluating the appellant's race discrimination claim, the administrative judge stated that his determination turned on the credibility of three witnesses—the appellant, a former Human Resources (HR) official whom the appellant called to testify, and an Employee/Labor Relations (ELR) Specialist whom the agency called to testify. RID at 5-8. The relevant factors for evaluating witness credibility include (1) the witness's opportunity and capacity to observe the event or act in question, (2) the witness's character, (3) any prior inconsistent statement by the witness, (4) a witness's bias or lack of bias, (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence, (6) the inherent improbability of the witness's version of events, and (7) the witness's demeanor. *Hillen*, 35 M.S.P.R. at 458. Importantly, the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has

"sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

As further described in the remand initial decision, the former HR official testified that the agency excluded her from processing the appellant's removal action and she believed that the removal was motivated by race. RID at 4-5. The appellant testified that he submitted requests to initiate disciplinary action against two white subordinates, which the ELR Specialist refused to process, but his request to initiate disciplinary action against an African American subordinate was processed. The appellant also claimed that a white supervisor was not removed for conduct that was at least as serious as his own.[2] RID at 5. As for the ELR Specialist, he testified that he drafted the proposal and decision letters for the appellant's removal, and he provided the evidence file to the management officials.[3] *Id.*

In assessing this testimony, the administrative judge noted that credibility factors (3)-(7) were the most pertinent. He concluded that the ELR Specialist's testimony was credible while the testimony of the appellant and the former HR official was not. RID at 6. The appellant challenges the administrative judge's assessment of the aforementioned factors on review. PFR File, Tab 1 at 10-14. Although we modify the remand initial decision as to *Hillen* factors (3) and (5), a different outcome is not warranted.

---

[2] The administrative judge noted that the appellant did not offer into evidence any documentation to corroborate his claim that a similarly situated white employee was treated more favorably despite allegedly similar conduct. RID at 8. He therefore found the appellant's testimony on this point unpersuasive. *Id.*

[3] In the remand initial decision, the administrative judge stated that the ELR Specialist testified that the removal was based on the charged misconduct. RID at 5. We disagree with the administrative judge's characterization of this testimony. PFR File, Tab 1 at 15. Instead, based on our review of the testimony, the ELR Specialist testified that *his draft* was based on the "evidence." RF, Tab 22-5 (testimony of the ELR Specialist). The ELR Specialist testified that he did not know whether the deciding official considered anything outside of the evidence file. *Id.* (testimony of the ELR Specialist). We modify the initial decision in this regard.

Regarding factor (3), the administrative judge noted that the appellant admitted to the charged misconduct, which included a consensual relationship with a subordinate and an inappropriate text message. RID at 6. The administrative judge determined that the appellant's admission of such serious misconduct was tantamount to an acknowledgment that the agency had a legitimate, nondiscriminatory reason for its action and was inconsistent with his claim that the agency was motivated by his race. RID at 6-7. On review, the appellant asserts that it was not "logical" for the administrative judge to consider the appellant's admission that he engaged in the charged misconduct as a prior inconsistent statement related to his race discrimination claim. PFR File, Tab 1 at 11. We agree. In fact, we are not aware of any inconsistent statements made by the appellant in this regard. Therefore, we vacate the administrative judge's analysis of *Hillen* factor (3).

Regarding factor (4), the administrative judge determined that the appellant had an obvious self-interest in testifying in a light most favorable to himself, and the former HR official had a clear motive to testify in a manner that was unfavorable to the agency because she had been removed. RID at 7. He also appeared to find that the ELR Specialist, who did not propose or decide the removal, did not have any such bias. *Id.* Additionally, the administrative judge found unpersuasive the appellant's contention that the ELR Specialist may have acted in a discriminatory manner in cases involving employees against whom the appellant requested disciplinary action because the appellant did not examine the ELR Specialist about these employees. *Id.*

We have considered the appellant's assertion on review that the former HR official was not biased against the agency. PFR File, Tab 1 at 11. But we are not persuaded. The fact that the former HR official was removed from the agency makes it likely that she harbored some bias against the agency. *See, e.g.,* *Rodriguez v. Department of Homeland Security*, 108 M.S.P.R. 76, ¶ 18 (2008) (upholding the administrative judge's determination that a witness was not

credible because of potential bias arising from his removal by the agency), *aff'd*, 314 F. App'x 318 (Fed. Cir. 2009), *overruled on other grounds by Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 10 (2011).

Regarding factor (5), the administrative judge found that the appellant's admission of the charged misconduct contradicted his claim that the removal was motivated by race. RID at 7. Additionally, he noted that it strained credulity that the former HR official would testify that the relationship between the appellant and the subordinate was purely "emotional" when she was not present to witness the emotional nature of the relationship and considering the prurient language in the text message itself. RID at 7-8. The appellant asserts that the administrative judge, similar to his analysis of factor (3), improperly relied on his admission that he engaged in the charged misconduct to conclude that he contradicted his claim that the agency engaged in race discrimination. PFR File, Tab 1 at 12. The appellant also challenges the administrative judge's conclusion that the former HR official was not credible when she testified that the relationship between the appellant and subordinate was purely "emotional." *Id.*

Similar to our analysis of factor (3), we do not find that the appellant's admission of the charged misconduct constitutes contradictory evidence related to his race discrimination claim. We therefore vacate the administrative judge's analysis of *Hillen* factor (5) in this regard. We have considered the former HR official's testimony that she reviewed the factfinding report, in which both the appellant and the subordinate employee stated that the relationship was "emotional" and "platonic," and she reviewed the text messages between the appellant and the subordinate employee, including what she described as the "more explicit" text messages from the subordinate to the appellant. RF, Tab 22-2 (testimony of the former HR official). Yet we find that the former HR official's characterization of the nature of the relationship between the appellant and subordinate is belied by the graphic and sexual nature of the text message from the appellant to the subordinate that is in the record. *Bailey v. Department*

*of Veterans Affairs*, MSPB Docket No. AT-0714-17-0722-I-1, Initial Appeal File, Tab 6 at 46-49. Therefore, we discern no error with the administrative judge's consideration of this contradictory evidence under *Hillen* factor (5).

Regarding factor (6), the administrative judge found it inherently improbable that the deciding official (or any other management official) would state out loud that the removal was due to an improper "interracial" relationship, as testified to by the former HR official, because it amounted to a clear admission of illegal conduct. RID at 8. The administrative judge also found that the credibility of this allegation was further diminished by the appellant's decision not to call the deciding official as a witness, despite her being approved as such. *Id.* On review, the appellant acknowledges that it may be improbable for management to make such a statement, but he contends that it is much more improbable for a former HR official in a high capacity to make up such a statement. PFR File, Tab 1 at 12-13. We are not persuaded by this assertion. Indeed, for the reasons described herein and in the remand initial decision, we share the administrative judge's concerns about the credibility of the former HR official. Accordingly, we discern no error with the administrative judge's conclusion that it was inherently improbable that the deciding official or any other management official made the statement as described by the former HR official.

Finally, regarding factor (7), the administrative judge found that the testimony of the former HR official was "strident" and "resentful," even before her removal from agency employment came to light, and he concluded that her demeanor "significantly detracted from the credibility of her testimony." RID at 8. By contrast, the administrative judge concluded that the testimony of the ELR Specialist was "calm and straightforward." *Id.*

Once again, the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such

determinations only when it has "sufficiently sound" reasons for doing so. *Haebe*, 288 F.3d at 1301. The appellant has not identified such reasons on review. For example, we are not persuaded by the appellant's assertion on review that the terms "strident" and resentful" "can easily be replaced with 'passionate' or 'zealous.'" PFR File, Tab 1 at 13. We acknowledge that the administrative judge did not make any findings about the appellant's demeanor during his testimony, *id.*, but it is not for the Board to make such findings in the first instance.

To challenge the ELR Specialist's credibility, the appellant attaches to his petition for review an October 13, 2017 affidavit from the ELR Specialist in the appellant's EEO matter. *Id.* at 18-28. We could not find this affidavit in the record before the administrative judge, and the appellant did not seek to offer the ELR Specialist's affidavit into evidence during his testimony or thereafter, despite questioning him about its contents.[4] Evidence offered for the first time on petition for review merely to impeach a witness's credibility is not generally considered new and material. *Bucci v. Department of Education*, 42 M.S.P.R. 47, 55 (1989).

Even if we consider this affidavit, a different outcome is not warranted. Notably, in the affidavit, the ELR Specialist was asked about whether the appellant was subjected to a hostile work environment based on race, sex, and reprisal when he was issued the proposed removal letter. PFR File, Tab 1 at 25. The ELR Specialist stated in his affidavit that his role was "to provide advice and guidance to management," but he did "not have the authority to make any decision on disciplinary actions." *Id.* at 27. During his testimony, the ELR Specialist stated that he drafted the notice of proposed removal, but he did not

---

[4] We acknowledge that, due to some technical difficulties during the hearing, the appellant's attorney was unable to present the ELR Specialist with a copy of his affidavit to review. RF, Tab 22-5 (testimony of the ELR Specialist). However, these difficulties should not have prevented the appellant from seeking to move this affidavit into evidence before the record closed during the hearing.

have authority to make any decisions. RF, Tab 22-5 (testimony of the ELR Specialist). We find no meaningful inconsistency between his affidavit and his testimony in this regard.

Based on our review of the relevant *Hillen* factors and the evidence in the record, we discern no error with the administrative judge's conclusion that the ELR Specialist was a more credible witness or his conclusion that the appellant failed to prove his race discrimination claim.[5] The slight modifications described above do not warrant a different result.

Turning to the appellant's sex discrimination claim, the administrative judge noted that there was "rather sparse" evidence. RID at 9. The administrative judge acknowledged the former HR official's claim that the appellant was considered a "good African American male" and therefore subject to the "purported Alabamian proscription against intimate relations between himself and white females." *Id.* The administrative judge stated that he understood this testimony to be attributed to the deciding official because she (the deciding official) allegedly mentioned the appellant's "interracial" relationship with the subordinate. *Id.* However, for the reasons described in his analysis of the race discrimination claim, the administrative judge found that the former HR official's testimony in this regard was not credible. *Id.* The administrative judge discussed that the appellant's testimony regarding sex discrimination was confined to his requests for disciplinary action to the ELR Specialist, and he concluded that the appellant's statement that the ELR Specialist processed his disciplinary action request for a female employee tended to undermine any claim of differential treatment based on sex. *Id.* The administrative judge therefore concluded that the appellant did not prove his sex discrimination claim by preponderant evidence. RID at 9-10.

---

[5] Contrary to the appellant's assertion on review, the administrative judge did not overlook evidence to support his contention that the agency has a history of treating African American employees differently than white employees for the same or similar actions. *E.g.*, PFR File, Tab 1 at 8-10.

The appellant asserts on review that the subordinate female employee was not disciplined for their relationship. PFR File, Tab 1 at 14. Even if true, we do not conclude that this evidence—standing alone—constitutes preponderant evidence that the appellant's sex played a role in the removal action, particularly given the administrative judge's credibility determinations, discussed above and in the remand initial decision.

Lastly, regarding the appellant's claim of EEO reprisal, the administrative judge noted that the only evidence in support of this claim is the fact that the appellant filed an informal EEO complaint concerning his reassignment several months before the removal action and his management chain (to include at least the proposing official) was aware of his protected activity. RID at 10. The administrative judge noted, among other things, that the Board has held that a responsible management official's knowledge of an EEO complaint, standing alone, is not enough to find that the EEO complaint was a motivating factor in the removal action. *Id.* (citing *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 34 (2016)). In the absence of any other persuasive evidence, the administrative judge concluded that the appellant did not prove this claim. RID at 10-11. On review, the appellant asserts that the temporal proximity of the appellant's prior EEO activity "heavily infers reprisal." PFR File, Tab 1 at 14. For the reasons described herein, this assertion is not persuasive.

We have considered the appellant's remaining assertions on review, but none warrants a different outcome.[6]

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

---

[6] The administrative judge granted the appellant's motion for sanctions and, in relevant part, imposed the sanction that the agency may not present testimony, evidence, or argument during the hearing to the effect that the appellant's race, gender, or prior EEO participation was not a motivating factor (i.e., "played no part") in the agency's decision to remove the appellant. RF, Tab 9 at 7-8. During the hearing, the administrative judge asked the ELR Specialist whether he heard or became aware that the appellant's race, gender, or EEO participation played a role in the decision-making process, and the ELR Specialist responded no. RF, Tab 22-5 (testimony of the ELR Specialist). We disagree with the appellant's assertion on review that the administrative judge allowed the agency to provide testimony that contradicts the sanctions order. PFR File, Tab 1 at 14-15. Importantly, the agency did not inquire about such evidence; rather, the administrative judge asked a question, and the witness responded. Notably, the appellant's attorney did not object to the administrative judge's question or otherwise ask to strike this question and/or the ELR Specialist's answer from the record. *See Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981) (stating that the appellant is responsible for the errors of his chosen representative).

Even if we determined that the administrative judge erred in asking the ELR Specialist this question, it is an adjudicatory error that is not prejudicial to the appellant's substantive rights and provides no basis for reversal of the remand initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). In other words, were we to exclude the ELR Specialist's testimony in this regard, a different outcome would not be warranted. That is because, for the reasons described herein and the remand initial decision, we are not persuaded that the appellant proved by preponderant evidence that his race, sex, or prior EEO activity was a motivating factor in the removal action.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.